[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
By motion dated January 9, 1997, the state moved to videotape the testimony of an alleged four year old victim of sexual abuse, outside the presence of the defendant father. Pursuant to Section 54-86g of the General Statutes, a hearing was held on February 18, 1997. The only witness to testify at the hearing was Ms. Lucy Warren, called by the state as an expert on the subject of abused children.
Ms. Warren testified that she has obtained a master's degree in social work; has worked with neglected and abused children since 1985; has received extensive training and experience as a sex abuse counselor; and has worked for the Child Guidance Clinic of Waterbury on a contract basis. It should be noted that the defendant did not take issue with Ms. Warren's credentials or expertise during the course of the hearing.
Ms. Warren further testified that she met with the alleged victim beginning in May of 1996 and continued to meet every week for a total of 22 sessions, approximately one hour per session. During these sessions she was able to overcome the child's reluctance to discuss the allegations with respect to the defendant and to explore the relationship between the father and child. She determined that the child loves and cares for her father deeply "as long as he doesn't hurt her." It was her opinion that in a courtroom setting, the presence of the child's father would cause her to "shut down"; a phrase this court took to mean that she'd be unable to testify at all with respect to allegations involving her father. Ms. Wrenn testified that this "shut down" would not be due to any fear of or intimidation by her father, but due to the child's love for her father and desire CT Page 1807 not to hurt him. In his presence the child would be inhibited from relating the allegations against him.
Other testimony concerned the difficulties and reluctance, in general, of any four year old (the child is now five) to testify in a courtroom setting and, specifically, the reluctance this
child would exhibit even in the absence of the defendant.
Significantly, Ms. Warren also testified that since the alleged events involving the defendant, the child has exhibited suicidal tendencies and as a result was on medication. This Ms. Warren attributed, at least in part, to the anticipation of having to testify against her father.
Given all the above stated factors and circumstances and, particularly, the expert's opinion that the child's relationship with her father is such that the anticipation or prospect of hurting him would result in a "shut down" in the courtroom setting with the defendant present; this court is satisfied by clear and convincing evidence that the child would be inhibited from testifying truthfully, if at all, in the presence of the defendant; and that a compelling need exists for the child to testify outside the presence of the defendant and under circumstances consistent with the Draft Order prepared by the state and attached to its memorandum.
FASANO, J.